STATE, EX REL. JAMES STREVER, APPELLEE, v. DAWSON COUNTY IRRIGATION COMPANY, APPELLANT.

FILED DECEMBER 15, 1917. No. 19823.

Mandamus: IRRIGATION COMPANY: BRIDGES. Section 3438, Rev. St. 1913, construed, and *held*, the owner or those in control of an irrigation ditch or canal that runs through any lands owned by a person "having no interest in said ditch or canal" may, upon refusal, be compelled by a writ of mandamus to erect a substantial bridge or bridges across the canal or ditch whenever such bridge or bridges may be necessary for the free and convenient use by the owner of the lands on both sides of the ditch or canal.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed*.

*E. A. Cook* and *W. M. Cook*, for appellant.

*I. J. Nisley* and *Niles E. Olsen*, contra.

DEAN, J.

This is a mandamus action wherein the relator seeks to compel the respondent to build a bridge over its irrigation ditch that runs through a square quarter-section of land, now and for 22 years owned by him. Relator prevailed, and respondent appealed.

The ditch, in which relator has no interest, was built through his farm about 30 years before this action was begun. It enters the land about 60 rods west of the southeast corner, and runs in a general northerly direction to a point a little north and west of the center of the quarter section, from whence it runs in a curved line north and east and leaves relator's land at a point about 20 rods south of the northeast corner. The ditch is about 20 feet wide at the bottom and about 4 feet deep, and without a bridge it cannot safely be crossed by horses and farm machinery. A creek enters relator's farm at or close to the northwest corner, and runs southeast to a point a little north of the center of the tract, where it intersects respondent's ditch, and runs thence, below a flume maintained by respondent, almost due east, and leaves relator's land at about the center of the east line.

Relator's residence, farmyards and buildings are located about 10 rods from his north line at about the center of his northwest 40 acres. South of these buildings he maintains a bridge over the creek that is otherwise impassable. His land is apparently all tillable, and he is actively engaged in farming. Hence, he contends, arises the necessity for bridges that the land may be conveniently farmed. Respondent has built one bridge for relator about 10 rods north of the point where the ditch intersects the creek, and from this fact counsel for the respondent company argue that there rests upon it no obligation to build the bridge south of the creek that is demanded by relator, and contends that the requirements of section 3438, Rev. St. 1913, under which this action was brought, have been fulfilled. The section follows:

"Any person, company, corporation, or association constructing a ditch or canal through the lands of any person, company, or corporation having no interest in said ditch or canal shall build such ditch or canal in a substantial manner so as to prevent damage to such land; in all cases where necessary for the free and convenient use of lands on both sides of the ditch or canal by the owner or owners of such lands, the owner or those in control of such ditch shall erect substantial and convenient bridges across such canal or ditch, and they shall erect and keep in order suitable gates at the point of entrance and exit of such ditch through any inclosed field."

Respondent argues that "it does not seem reasonable that an irrigation company should be put to the expense of building bridges to enable a landowner to overcome natural obstacles." But it seems to us that his argument does not apply to the facts before us. If it were not for respondent's ditch the bridge that now spans the creek would make all of relator's farm conveniently accessible for tillage. But with the ditch as now located, not less than three bridges seem reasonably to be required for this purpose. In addition to the bridge built by respondent over its ditch north of the creek, and that is not involved in this suit, it appears to us that a fair and reasonable construction of the statute requires respondent to build an additional bridge over its ditch south of the creek, as the judgment of the trial court directed.

A glance at the plat in evidence, that is by stipulation shown to give an approximately correct location of the farm buildings, the creek, and the ditch, will suffice to show that something more than 40 acres in the southeast part of relator's farm would be inaccessible from any other part of the farm in the absence of the bridge that the trial court required respondent to construct, unless the landowner built another bridge across the creek. The legislature has not limited

the number of bridges that may be required to be built in such case on a given tract of· land. It would seem, therefore, that the court should not do so unreasonably. It seems clear to us that the trial court was amply warranted in finding that the bridge demanded by relator was ''necessary for the free and convenient use of lands on both sides of the ditch  *  *  *  by the owner.''

Before the commencement of this action relator demanded that respondent erect a bridge over its ditch at the point in question, but his demand was refused. The right of relator to the relief that he sought having been clearly established, and having no adequate remedy at law, the writ was properly allowed. *State v. Chicago & N. W. R. Co.*, 83 Neb. 524. Other questions are raised by the parties, but we do not find ·it necessary to discuss them in arriving at the conclusion herein announced. The judgment of the trial court is right, and is in all things

AFFIRMED.

SEDGWICK, J., not sitting.